IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:_____

POLYPACK, INC.,

    Plaintiff,

vs.

NESTLE USA, INC.

    Defendant.
_____/

## COMPLAINT

Plaintiff Polypack, Inc. ("Polypack") sues Defendant Nestle USA, Inc. ("Nestle") (collectively, "the Parties") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract and breach of the implied covenant of good faith and fair dealing.

2. Polypack has a longstanding relationship with Nestle, providing highly specialized and custom sleeve wrapping machinery to various plants in the United States and around the world.

3. This lawsuit arises out of the sale and purchase of custom sleeve wrapping machinery to a Nestle plant located in Morton, Illinois.

4. Polypack delivered and Nestle accepted several pieces of machinery. Those machines were designed and built according to specifications provided by Nestle. Importantly, the proper function of those machines depended on Nestle providing accurate information regarding its specifications. Polypack incorporated this critical requirement into its proposals to Nestle which were accepted.

5. Polypack complied with the terms of the Agreement, delivering and installing the machinery, and providing support regarding their proper operation. Additionally, Polypack provided ongoing support in the face of claims by Nestle that the machines were defective.

6. Despite its timely and complete performance under the terms of the Agreement, Nestle has refused to pay the full amount of the machinery as well as the services provided by Polypack.

## THE PARTIES

7. For more than sixty years, Plaintiff Polypack, Inc. has been a trailblazer in the packaging industry.[1] Polypack designs and builds packaging equipment tailored to the specific needs of its clients, like Defendant Nestle.

8. Defendant Nestle USA offers a wide portfolio of food and beverage products for people and their pets.[2] Nestle is registered to do business in Florida as a foreign-for-profit corporation.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter and the parties pursuant to Article III, Section 2 of the Constitution because the judicial power in law and equity extends to controversies between citizens of different states. Jurisdiction is also appropriate under 28 U.S.C. § 1332(a)(1).

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

*The Contract*

11. In 2021, Plaintiff Polypack submitted a proposal to Defendant Nestle for the purchase

---

[1] https://polypack.com/ (last visited January 11, 2023).
[2] https://www.nestleusa.com/ (last visited January 11, 2023).

of certain equipment capable of receiving the automatic delivery of individual products, collating, and providing a sleeve wrap with clear print registered polyethylene film in single and dual lane mode.

12. The machines were to be installed at a Nestle plant located in Morton, Illinois.

13. Polypack's proposal included specific information regarding the type of equipment to be provided, its specific features, its price, and construction. Additionally, the proposal included detailed diagrams of the equipment. Critically, Polypack's proposal made clear that Nestle would need to provide various samples to ensure that Polypack's machines met Nestle's specific requirements:

> **Note: We need produce samples and trays to confirm.**
>
> The Machine quoted is based on the sample specifications we have at this time. Accurate information is essential for selecting the right machinery. Please forward samples at your earliest convenience, if you have not already done so. POLYPACK reserves the right to modify any proposal based on the receipt of actual samples. Buyer must regulate backpressure into seller's machine. PRICES QUOTED ARE FOR 90 DAYS – AFTER WHICH ARE SUBJECT TO CHANGE

14. In December 2021, the Parties entered into an agreement for the supply and installation of the machines.

15. The terms of the Parties' agreement are set forth in a *Purchase Order* and a separate document entitled *Terms and Conditions of Purchase of Equipment, Machinery, Apparatus and/or Materials*, true and correct copies of which are attached as composite exhibit "A" (collectively referred to as "the Agreement"). The Parties agreed that their Agreement would be governed by Delaware law exclusive of its conflicts of laws provisions.

**The Dispute**

16. In May 2022, Polypack and Nestle began discussing several issues relating to the

installation and operation of the machines at the Morton plant.

17. For nearly six months, Polypack expended significant time and money to address issues which were ultimately caused by Nestle. Polypack representatives met with Nestle on several occasions; Polypack sent service professionals to Nestle's Morton plant to inspect the operation of the machinery, offer training, and otherwise provide additional service support. As part of these efforts – and as further detailed below – Polypack generated a *Service Report* which identified several minor issues that Nestle could easily address. Despite all these efforts, Nestle refused to meaningfully engage with Polypack, choosing instead to blame the latter for its own errors and omissions.

18. On October 10, 2022, Nestle issued Polypack a *Notice of Breach of Purchase Order 4568260613 and Corresponding Terms and Conditions of Purchase Equipment, Machinery, Apparatus and/or Materials*.

19. Nestle's October 10th Letter alleged that the equipment sold by Polypack "is defective and does not conform to the descriptions, standards, and/or specifications set forth in the Agreement." Nestle further indicated that despite it repeated communications regarding "issues with the Equipment," Polypack had not provided a solution.

20. Nestle's October 10th Letter misrepresented the actual state of negotiations with Polypack and constituted little more than a self-serving attempt to manufacture a defense to potential claims for breach of contract.

### *Polypack's Attempts to Remediate Nestle's Self-Created Problems*

21. Contrary to Nestle's claims, Polypack offered several solutions to the alleged defects claimed by Nestle. In a comprehensive *Service Report* issued on October 11, 2022 – just one day after Nestle issued its notice of breach – Polypack outlined seven areas that would allow for a

"successful and efficient line" and identified as (1) training; (2) inputs into the machine; (3) the palletizer; (4) extra accumulation; (5) proper consummables; (6) programming changes; and (7) data collection.

22. Polypack issued its October 11th *Service Report* after visiting Nestle's Morton Plant and discovering that "[t]he line conditions were much worse than [] expected…." Nevertheless, as Polypack made clear in its report, the items it listed were "minor, but causing major problems." Although not responsible for these issues, Polypack nevertheless stressed that it "would very much like to be involved in the process for next season, so that we can reduce the down time caused by external elements to the Polypack machines."

23. As part of its ongoing effort to address the alleged defects in the machine alleged by Nestle, Polypack offered to resell the machines installed at the Morton plant. In an email dated December 8, 2022, Polypack offered to assist in selling the machines and even providing a warranty for the new owners.

24. However, because Nestle continuously ran the machines at the Morton plant for four months, without the proper maintenance recommended by Polypack, substantial maintenance would have to be performed before installing the machines at a new owner's facility.

25. In its December 8th communication, Polypack set out three options for disposing of the machines at the Morton plan including, (1) sale of the machines to individual owners; (2) transferring the machines to other Nestle facilities; or (3) re-purchase of the machines by Polypack for total refurbishment.

26. Regardless of the option selected, Polypack demanded that Nestle pay all outstanding service and machine invoices. As of that time, these included $290,865.44 for services provided to Nestle, along with $176,000.00 for the equipment sold.

27. Several days later, Nestle responded that it expected a refund of the full purchase price – despite having used Polypack's machines on a continuous basis for four months – as well as an unspecified amount for "significant cost aggravation…." Nestle further added that the proposal for resale of the equipment would not meet its expectations. Defendant ignored the other alternatives Polypack proposed, as well as its demand for all outstanding payments.

28. Polypack provided a detailed response to Nestle's communication. It noted that Nestle's demand for a full refund was unreasonable. It further noted that any request for additional damages would be a "nonstarter" given the number of hours Polypack's own service team expended in light of labor shortage issues at the Morton plant.

29. Despite its best and ongoing efforts, Nestle refused to meaningfully engage with Polypack and continued to insist on a full refund in addition to additional, unspecified damages.

## COUNT I:
## BREACH OF CONTRACT

30. Plaintiffs re-allege paragraph 1 through 29.

31. In December 2021, the Polypack and Nestle entered into an agreement for the sale and purchase of certain machines to be delivered, installed, and operated at Nestle's Morton, Illinois plant.

32. The Parties memorialized the terms of their agreement in a *Proposed Order* and a separate document entitled *Terms and Conditions of Purchase of Equipment, Machinery, Apparatus and/or Materials* ("the Agreement").

33. Pursuant to the terms of the Agreement, Nestle agreed to pay Polypack for the cost of the machines as well as any costs associated with service support provided by Polypack.

34. Consistent with the terms of the Agreement, Polypack delivered the purchased machines and provided significant support to Nestle.

35. Despite performing under the terms of the Parties' Agreement, Nestle owes and has refused to pay Polypack $176,000 for the machines and an additional $290,865.44 for support services.

36. Nestle's unjustified refusal to pay the amounts due has damaged Polypack.

WHEREFORE, Plaintiff Polypack, Inc. respectfully requests that this Court enter a judgment for breach of contract in favor of Polypack, Inc. and against Nestle USA, Inc., plus prejudgment interest, reasonable attorneys' fees, costs, and such other and further relief as this Court deems just, equitable, and proper.

## COUNT II:
## BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

37. Plaintiffs re-allege paragraph 1 through 29.

38. In December 2021, Polypack and Nestle entered into an agreement for the sale and purchase of certain machines to be delivered, installed, and operated at Nestle's Morton, Illinois plant.

39. The Parties memorialized the terms of their agreement in a *Proposed Order* and a separate document entitled *Terms and Conditions of Purchase of Equipment, Machinery, Apparatus and/or Materials* ("the Agreement").

40. Delaware law and, specifically, the implied covenant of good faith and fair dealing, mandates that Nestle act in good faith with Polypack.

41. Nestle has consciously and deliberately failed to act in good faith.  More specifically, Nestle has failed to honor, perform, and comply with its payment obligations as listed on the face of the *Purchase Order* and contained at paragraph 5 (Price and Payment Terms).  Specifically, Nestle obligated itself to pay Polypack upon receipt of the items purchased.

7

42. Nestle has also failed to honor, perform, and comply with its payment obligations as set forth in paragraph 4 of the document entitled *Terms and Conditions of Purchase of Equipment, Machinery, Apparatus and/or Materials*.

43. Consistent with the terms of the Agreement, Polypack delivered the purchased machines and provided significant support to Nestle.

44. Despite performing under the terms of the parties' Agreement, Nestle owes and has refused to pay Polypack $176,000 for the machines and an additional $290,865.44 for support services.

45. Nestle's failure to honor the terms of the parties' Agreement has frustrated the contract's purpose and contravened Polypack's reasonable expectations.

WHEREFORE, Plaintiff Polypack, Inc. respectfully requests that this Court enter a judgment for breach of the implied covenant of good faith and fair dealing in favor of Polypack, Inc. and against Nestle USA, plus prejudgment interest, reasonable attorneys' fees, costs, and such other and further relief as this Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury for all matters so triable.

Dated: February 13, 2023.

                                                          Respectfully submitted:

                                                          CARLOS F. GONZALEZ, P.A.
                                                          7600 Red Road, Suite 307
                                                          South Miami, Florida 33134
                                                          Telephone:  (786) 410-7662
                                                          Email:  cfg@carlosfgonzalez.com

                                        By:    /s/ Carlos F. Gonzalez
                                                       Carlos F. Gonzalez
                                                       Florida Bar No. 0494631

-And-

Guy A. Lewis
Florida Bar No. 623740
The Law Offices of Guy A. Lewis
12575 Southwest 67th Avenue
Pinecrest, Florida 33156
Email: lewis@lewistein.com